IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LEE KEEL, III | : CIVIL ACTION |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : NO. 12-1069 |

MEMORANDUM

PRATTER, J.                                           MARCH 29, 2012

Plaintiff Jesse Lee Keel, III, filed this pro se civil rights action against the Commonwealth of Pennsylvania, the Municipal Court, the First Judicial District, and the City of Philadelphia. On March 1, 2012, the Court granted Mr. Keel leave to proceed in forma pauperis, dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted him leave to file an amended complaint. Mr. Keel's amended complaint is now before the Court. For the following reasons, the Court will dismiss the amended complaint.

As with the initial complaint, the amended complaint is premised on Mr. Keel's assertion that the defendants unjustly refused to refund his bail money. Mr. Keel contends that the bail money was improperly or mistakenly credited toward payment of costs and fees in a court case to which he was not a party. Although it is not entirely clear, it appears that Mr. Keel is attempting to assert due process claims pursuant to 42 U.S.C. § 1983, based on those allegations. He seeks return of the money he paid for bail.

As the Court has granted Mr. Keel leave to proceed <u>in forma pauperis</u>, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

As noted in the Court's order dismissing the initial complaint, Mr. Keel's claims against the Commonwealth, the Municipal Court, and the First Judicial District are barred by the doctrine of sovereign immunity. See <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); <u>Benn v. First Judicial Dist. of Pa.</u>, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that Pennsylvania's judicial districts, which are comprised of three courts including the Municipal

Court, are entitled to sovereign immunity). Furthermore, Mr. Keel has failed to state a claim against the City of Philadelphia because nothing in the amended complaint suggests that the alleged violation of Mr. Keel's constitutional rights stemmed from a municipal policy, custom, or practice. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

For the foregoing reasons, the Court will dismiss Mr. Keel's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii). Mr. Keel will not be given leave to amend because the Court concludes that further attempts at amendment would be futile. Grayson, 293 F.3d at 113-14. An appropriate order follows.